Angela M. Alioto (SBN 130328)
Angela Mia Veronese (SBN 269942)
**LAW OFFICES OF JOSEPH L. ALIOTO**
**AND ANGELA ALIOTO**
700 Montgomery Street
San Francisco, CA 94111
T: (415) 434-8700


Robert J.A. Fordiani (256041)
3030 Bridgeway, Ste. 109
Sausalito, CA 94965
T: (415) 816-7517 / F: (415) 981-8314

Attorneys for Plaintiff
RANDY AIMONE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDY AIMONE | Case No.: |
| Plaintiff | **COMPLAINT FOR DAMAGES** |
| | 1. **Discrimination in Violation of FEHA-Disability;** |
| vs. | 2. **Harassment/Hostile Work Environment in Violation of FEHA – Disability** |
| | 3. **Failure to Investigate and Prevent and Discrimination and Harassment/Hostile Work Environment in Violation of FEHA - Disability;** |
| INVESTORFLOW INC, INVESTORFLOW LLC.; and DOES 1 to 100, | 4. **Failure to Engage in The Interactive Process and Accommodate in Violation of FEHA – Disability;** |
| | 5. **Retaliation in Violation of FEHA and Cal Labor Code 1102.5 - Disability and Whistle Blowing;** |
| Defendant. | 6. **Wrongful Termination in Violation of Public Policy - Disability and Whistle Blowing;** |
| | 7. **Violation of Cal. Lab. Code Section 1102.5 – Whistle Blowing** |
| | 8. **Intentional Infliction of Emotional Distress** |

JURY TRIAL DEMANDED

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

## NATURE OF THE ACTION

1.      This is a wrongful termination and employment law related California Fair Employment and Housing Act matter with elements of California Labor Code whistleblower violations involved therein.  It is brought by RANDY AIMONE ("AIMONE" or "Plaintiff") against his former employer, INVESTORFLOW ("IVF" or "Defendant"), unless otherwise mentioned, and any subsidiary or parent company, and alleges that the company and its agents discriminated, harassed, and retaliated against AIMONE.  At the time of his termination, AIMONE was a member of one or more a protected classes as a disabled veteran who requested accommodations, reported unlawful activity, and was threatened with termination and/or wrongfully terminated from his position.

2.        AIMONE, a man over the age of forty (40) and veteran with a disability, was hired by the Defendant IVF in February 2022 as a Marketing Automation Manager and worked for the Respondent.  A majority of his work and the manner in which he performed his duties was controlled by IVF, or by a person or agent with authority to act on behalf of the Defendant.  IVF is headquartered at 1422 El Camino Real, Menlo Park, California 94025, who also maintains offices at 228 Hamilton Ave., Palo Alto, California, 94301.  In or around February/March 2022, AIMONE inquired with decision makers for IVF about accommodations for his auditory disability, and requested reasonable accommodations that included transcription software to assist him in carrying out the job functions associated with his managerial position.  In or around April 2022, managing agents with decision making authority for IVF, failed to properly

engaged in the interactive process, and denied AIMONE's requests for reasonable accommodations and/or eliminated reasonable accommodations, which he complained about.  Also, in or around April 2022, AIMONE learned that IVF was and/or planned to engage or counsel or assist client(s) in what AIMONE believed was unlawful conduct in violation of CAN-SPAM Act and/or other Federal or State law(s), and complained of a good faith belief of such unlawful activity to those in a position of authority for the IVF. AIMONE was then demoted, had his job duties taken from him, had a reduction in his work hours, and was ultimately terminated.  AIMONE believes that the IVF's conduct was motivated by his age, disability, request for accommodations, and/or good-faith based complaints of unlawful activity, and/or any other protected category under which he falls.  AIMONE reasonably believed that each of these activities by the Defendant, and/or those with decision making authority acting on behalf of the Defendant, violated state or federal statutes or regulations, of which AIMONE complained to his employer.  In response, AIMONE was discriminated and retaliated against, and wrongfully terminated.

## GENERAL ALLEGATIONS

3.     DEFENDANT is a company that provides software-as-a-service, cloud-based sourcing and investor services to global asset managers, real estate investors, and alternative fund managers, and is headquartered in Menlo Park, California.  AIMONE is informed and believes that the DEFENDANT is an incorporated entity of the State of California.  The DEFENDANT was at all times relevant herein, acting under their own direction and/or the direction of a parent corporation and/or its managing agents or

executives.  The DEFENDANT employs more than five (5) employees in the State of California.

4.      This matter pertains to AIMONE's employment with the DEFENDANT.  At all times herein relevant, AIMONE was employed by the DEFENDANT.

5.      DEFENDANT was at all relevant times mentioned herein a qualified employer under the FEHA.

6.      AIMONE was at all relevant times mentioned herein a qualified employee under the FEHA.

7.      DEFENDANT was at all times responsible for the harm caused to AIMONE.

8.      All the named parties noted herein were, at all times relevant, were or are residents of the State of California either as a registered or unregistered business or as an individual.  AIMONE is ignorant of the true names and capacities of the individual DEFENDANT sued herein as DOES 1 through 100, inclusive, and therefore sue these DEFENDANT by such fictitious names.

9.      AIMONE will amend this complaint to show the true names and capacities of these DEFENDANT when the same have been ascertained.  AIMONE is informed and believes, and thereon alleges that each of these fictitiously named DEFENDANT are responsible in some manner for the occurrences herein alleged, and that the AIMONE's damages as herein alleged were proximately caused by the acts of the aforementioned DEFENDANT.

10.     AIMONE is informed and believes, and thereon alleges, that each of the DEFENDANT and parties named herein were at all times relevant, the agent, servant,

employee and representative of each of the other DEFENDANT, and in performing the acts herein alleged, was acting within the course and scope of such agency and employment, and with the full knowledge, permission, authorization, ratification, active assistance and encouragement, and/or consent, express or implied, of each of the other DEFENDANT.  All actions of each DEFENDANT alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents or members of every other DEFENDANT.

## JURISDICTION AND VENUE

11.     Pursuant to 28 U.S.C. Section 1332, jurisdiction is proper in the United States District Court for the Ninth Circuit, Northern District of California, San Francisco Division since complete diversity exists between the parties.

12.     The DEFENDANT is located in, and/or maintains offices and/or performs human resource functions, in Menlo Park, which is a city in the County of San Mateo, in the State of California, and the location from where Plaintiff was offered employment. Plaintiff was offered employment by the DEFENDANT operating in the State of California, but PLAINTIFF is not a resident of the State of California.  This matter involves an amount in controversy that exceeds $75,000.00.  Venue is proper in the United States District Court for the Ninth Circuit, Northern District of California, San Francisco Division since this is where the DEFENDANT is located, and where the wrongful misconduct alleged herein occurred.

//

//

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     AIMONE has exhausted all applicable administrative remedies. AIMONE filed

an administrative complaint with the California Department of Fair Employment and

Housing.  AIMONE received his Notice of Case Closure and Right to Sue Letter on

September 16, 2022.

14.     The California Department of Fair Employment and Housing issued a Notice of

Case Closure and Right to Sue to AIMONE permitting him to sue within one (1) year.

## STATEMENT OF FACTS

15.     AIMONE, a veteran with years of active-duty service overseas, is a forty-seven

(47) year old man with an auditory disability.

16.     In February 2022, he was hired as a Marketing Automation Manager at an annual

salary of $125,000.00.

17.     In or around February/March 2022, AIMONE underwent his on-boarding

process, which was conducted by manager/lead supervisor Moriah Gonzales, and HR

Director Colleen Marchand, both of whom worked out of the Palo Alto/Menlo Park

office(s).  It was during this process that AIMONE informed Ms. Gonzales about his

hearing loss and the dictation/transcription software that he had used to help him

perform job functions.  He told Ms. Gonzalez and Ms. Marchand that he found the

software (i.e. "Otter") to be very helpful and that it improved his ability to have

meaningful conversations with customers and clients.   AIMONE also found the

software to be very secure, and that it worked well on internal platforms and with

clients.  As such, he inquired about, and requested, reasonable accommodations for

such software to assist him in carrying out his duties associated with the Marketing Automation Manager position for which he was hired.  After having been informed of this by Mr. Aimone, both Ms. Gonzalez and Ms. Marchand told him to look for the dictation/transcribing software himself and "go get what you need and expense it."

18.     Despite having made his requests, managing agents with decision making authority failed to properly engaged in the interactive process.  Nonetheless, AIMONE sought-out the transcription software he needed, and in or around March 2022, he obtained Otter transcription software for use at work.

19.     One of the accounts that AIMONE was working on was that for one of the Corporate Defendant's largest clients, KKR & Co, Inc. (a.k.a. Kohlberg Kravis Roberts & Co.) – an American global investment company that manages multiple alternative asset classes, including private equity, energy, infrastructure, real estate, credit, and hedge funds.

20.     On or around April 5, 2022, AIMONE received a "slack" group text message from the Director of IT, Mr. Minseok Kang.  In the message, Mr. Kang told AIMONE to cease all use of the transcription software that was meant to accommodate his auditory disability.  Ms. Gonzales was copied on the message.  AIMONE complained to Ms. Gonzales about Mr. Kang having taken away the accommodation, to which Ms. Gonzales told AIMONE that he could continue using the transcription software, and that she would speak to Mr. Kang about it.

21.     On or about April 13, 2022, AIMONE participated in a verbal Microsoft Teams meeting with respect to the KKR account.  There were approximately eight (8) people

from the marketing arm of KKR present at the meeting, along with AIMONE.  During

the meeting, KKR made it known that they wanted to take client lists, scrape emails and

private information from those lists, and target those emails with advertising messages.

Their plan would be to obtain and improperly use electronically stored private

information to send commercial email solicitations to invest in KKR.  AIMONE believed

such a plan would violate the CAN-SPAM Act of 2003 (15 U.S.C. ch. 103).  KKR and the

corporate Defendant's decision makers wanted AIMONE to help enact this plan,

however, AIMONE respectfully declined to participate in such a plan, objected to it

since such conduct would violate the CAN-SPAM Act, and advised them not to do it

because it would be against the law.  AIMONE provided KKR with the information

about CAN-SPAM laws to highlight and make it know to them that such a plan was in

violation of the law.  The objection and compliance advice from AIMONE was not well

received, the response to which could only be described as one that was hostile towards

AIMONE – instead of following his advice, a KKR representative spoke to Ms. Gonzales

about removing AIMONE from the account.

22.      Later that same day, AIMONE met with Ms. Gonzales via Slack, and told Ms.

Gonzalez that KKR's plan was both a bad idea and illegal.  Ms. Gonzales told AIMONE

that she would talk to KKR about it, and asked AIMONE if he had a transcript of the

meeting – a transcript that would have been generated through Mr. Aimone's dictation

software.  AIMONE told Ms. Gonzales that he did not since DEFENDANT, but and

through their decision makers, had already by that point taken the accommodation

away from him.  Later that same day, Ms. Gonzales dramatically limited Mr. Aimone's responsibilities and work duties.

23.     Shortly after having complained of the illegal conduct, AIMONE was removed from much of his work duties for which he was hired, and had his hours reduced from roughly forty (40) per week, to only five to ten (5-10) hours a week.  Within days of having complained to Ms. Gonzales of the KKR plan that would violate CAN-SPAM laws, AIMONE was removed from working and/or advising on the KKR account, yet, decision makers for the DEFENDANT continued to utilize AIMONE's name and employment position on the KKR account without his consent, which was a deliberate misrepresentation of fact, and put Mr. Aimone's digital signature on what the illegal projects.

24.     In or around late April/Early May 2022, AIMONE was assigned to other projects under Ms. Gonzales' supervisor, Bruce Pagliuca, about which AIMONE complained. Additionally, AIMONE continued to let decision makers know that he was very concerned with being associated with the KKR plan to access emails in violation of CAN-SPAM, and was uncomfortable in being asked to do illegal things on the KKR account.

25.     In or around May 2022, and in response to his complaints, AIMONE was moved onto an undisclosed software project, yet he was still only receiving minimal hours of work per week, and was assigned to a new supervisor, Diane Trisani, VP Product Development.  DEFENDANT had AIMONE "re-do" software product design, which was not the position for which he was not trained-in, nor qualified or hired to do.

Notwithstanding the dramatically reduced hours, and reduction in job tasks and responsibilities, AIMONE asked Ms. Tristani for additional resources, such as analytic tools, and transcription software to accommodate his auditory disability.  His requests were ignored.  In fact, DEFENDANT's decision makers never even provided a breakdown of what the software he was supposed to be working or exactly what he was supposed to do.  Plaintiff was being frozen-out and set-up for failure by the DEFENDANT.

26.     In early June 2022, AIMONE complained to Ms. Gonzales about the DEFENDANT setting him up for failure, in transferring him, cutting his hours, and continuing to refuse to reasonably accommodate his auditory disability.  In response, Ms. Gonzales said nothing in the way of help apart from, "just be patient."

27.     By mid-June 2022, AIMONE was being wholly ignored by the decision makers, managers, and supervisors for DEFENDANT.  No one was getting back to AIMONE about his job duties, work hours, or requests for accommodations, and was not invited to meetings – he felt that he was being frozen-out.

28.     On June 26, 2022, AIMONE was notified by Ms. Tristani of a previously unscheduled meeting that would be held the very next day, which was a surprise to him.  Later that same day, AIMONE sent a written letter with a detailed account of his complaints in what he had experienced in the workplace.  The letter was sent to Todd Glasson (CEO), Brian Marchand (Chief Product Officer), Tylor Heidorn (Chief of Staff) and Diane Tristani.

29.     On June 27, DEFENDANT shut off AIMONE's access to email, and the previously scheduled meeting with Mr. Tristani was canceled.  AIMONE instead received an email from DEFENDANT's Chief of Staff, Taylor Heidorn, informing him that he was being suspended from all duties.

30.     On or around June 30, 2022, AIMONE was called into a Zoom meeting with Mr. Heidorn and Chief of Finance, Scott Szymkowski and was told that he was terminated.

31.     AIMONE vehemently believes that his termination was pretextual and motivated based on one or more protected category under which he falls, and the subject matter of his complaints to DEFENTANT's decision makers of unlawful conduct in the workplace.  AIMONE was a skilled and experienced employee in the area of compliance who requested transcription software as a reasonable accommodation for his auditory disability, and blew the whistle on unlawful conduct.  He was discriminated and retaliated against on the basis of his age, disability, request for reasonable accommodations, and complaints of what he believed was unlawful conduct, all of which he brought to the attention of his employer.

32.     DEFENDANT, through its decision makers and ownership, decided to terminate on account of one or more protected category under which AIMONE is covered.  Prior to his corroborated complaints, the employment relationship was healthy and AIMONE demonstrated exceptional performance.  Moreover, the adverse actions of the DEFENDANT's executives' and supervisors' in taking away/denying any reasonable accommodation, as well as the demotion and eventual wrongful discharge in response

to AIMONE's complaints of CAN-SPAM Act violations, are reprehensible and inexcusable particularly coming from upper management.

33.     AIMONE is undeniably an individual within the protected group who performed well regardless of his disability.  AIMONE engaged in protected activity (i.e., he complained about illegal practices and was subjected to adverse action; that the complaining or reporting was a motivating reason for the decision to terminate him; that he was harmed; and DEFENDANT's conduct was a substantial factor in causing his harm).  At the time of AIMONE's wrongful discharge on or about June 30, 2022, he was earning approximately $125,000.00 annually with benefits.

## FIRST CAUSE OF ACTION
Discrimination in Violation of FEHA – Disability
(Cal. Gov. Code Section 12900 et seq.)
As to Defendant Employer

34.     AIMONE hereby incorporates by reference each and every fact stated in paragraphs 1 through 33 supra with the same force and effect as if fully pleaded at length herein.

35.     This is an action for damages arising from discrimination in employment. This action is brought pursuant to the California FAIR EMPLOYMENT AND HOUSING ACT [FEHA], i.e., Cal.Gov.Code Sections 12900, 12921, 12926, and 12940 et seq.

36.     AIMONE is AIMONE is a member of a class protected by FEHA. AIMONE is a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace.

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

37.     The discrimination experienced by AIMONE at the hands of the DEFENDANT and its managing agents includes those listed in this complaint, and encompasses the following acts: disparate treatment regarding the duties and benefits of the job; failure to accommodate; failure to reinstate and/or return to the job position; harassing conduct/hostile work environment; punishment in retaliation for opposing discrimination or otherwise protecting his rights as an employee; freezing-out of job related duties; refusing to engage in the interactive process; denial of reasonable accommodations; unfair scrutiny of AIMONE' job performance; and termination. DEFENDANT' behavior was based on AIMONE' protected status and good-faith belief in complaining about illegal conduct.  When AIMONE objected to the practice, he was targeted with adverse employment actions, demoted, and ultimately terminated.

38.     The discriminatory acts described in the preceding paragraph and in this complaint are part of a deep-rooted policy and/or practice by the managing agents of Defendant to discriminate against its employees based on gender, age, disability and/or medical condition, request accommodation, and/or issuing complaints of unlawful conduct in the work environment.

39.     At all times herein relevant, AIMONE was qualified and able to satisfactorily perform the job for which he had been hired.

40.     AIMONE questioned and complained to the management to stop such discriminatory practices.  Because such questions and related complaints were ignored, AIMONE accordingly was required to file administrative complaints to the such

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

governmental agencies that include, but may not be limited to the Fair Employment and Housing, and was required to initiate the current lawsuit.

41.     This action is not preempted by the California Workers' Compensation Act because discrimination based on  veteran status, gender, age, physical disability/medical condition, as well as issuing requests for reasonable accommodations and complaints of unlawful conduct in the workplace are not a risks or conditions of employment.

42.     The acts complained of herein were adopted, approved, condoned and/or taken by one or more managing agents of the defendant, each of whom had the authority to make corporate policy and/or to direct a substantial portion of its business.

43.     Because of the aforesaid acts of Defendant, AIMONE has suffered, and will continue to suffer losses of wages, salary, employment benefits, promotion and other employee compensation in an amount that is currently unascertained.  AIMONE will therefore request leave of the court to amend this complaint to state the amount of all such damages when it has been ascertained, or upon proof at the time of trial.

44.     AIMONE was held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has suffered emotional distress because DEFENDANT demonstrated to AIMONE that they would not recognize nor accept him as an employee solely because of his age, disability/medical condition, and/or complaints of illegal conduct or another protected category under which he falls.  AIMONE is informed and believes that the Defendant, and its managing agents acted deliberately for the purposes of injuring him.  Defendant, by and through

their managing agents, acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in emotional distress. AIMONE therefore seeks damages for such emotional distress, as reasonably stems from the Defendant's conduct, in an amount to be proven at time of trial.

45.     Because of the wrongful acts of Defendant, as alleged herein, AIMONE has been and will in the future be required to employ physicians and therapists to examine, treat and care for him and will incur additional medical expenses in an amount to be proven at the time of trial.

46.     In doing the acts set forth above, Defendant acted as herein alleged with a conscious disregard of AIMONE' rights to be free from discrimination because of his veteran status, age, disability/medical condition, requests for reasonable accommodations, and complaints of unlawful conduct in the workplace.  Defendant acted, as alleged, with the malicious intention of depriving AIMONE of employment opportunities and benefits that must be afforded to all employees regardless of their protected status.  Defendant retained, promoted and coddled vicious employees and managers known by them to be prejudiced against members of the protected class(es). Said conduct was, and is, malicious, despicable, cruel and oppressive.  AIMONE is therefore entitled to an award of punitive damages in an amount to be proven at trial.

47.     In bringing this action, AIMONE has been required to retain the services of counsel. Pursuant to **California Government Code § 12965(b),** he is entitled to an award of attorney fees.

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

Harassment/Hostile Work Environment in Violation of FEHA – Disability

(Cal. Govt. Code Sections 12900 et. seq.)

As to Defendant Employer

48.     Plaintiff realleges and incorporates paragraphs 1 through 47 with the same force and effect as if fully pleaded at length herein.

49.     Jurisdiction in this court is invoked pursuant to the FAIR EMPLOYMENT AND HOUSING ACT ["FEHA "], i.e., Gov.Code § § 12900, 12921, 12926, 12940 and 12965, specifically Section 12940 (j).

50.     Defendant is an entity and/or individual(s) with an obligation under the law to assure an environment in which its employees can work freely without fear of harassment or a hostile work environment on the basis of their veteran status, age, medical condition or disability, requests for reasonable accommodations, or complaints of unlawful conduct in the work environment.

51.     Defendant, by and through managerial officials and by its non-managerial employees, has engaged in, allowed, condoned, enabled and refused to prevent the harassment/hostile work environment faced by AIMONE.  Said harassment/hostile work environment included conduct and/or comments that are not limited to: disparate treatment regarding the duties and benefits of the job; failure to accommodate; failure to reinstate and/or return to the job position; harassing conduct/hostile work environment; punishment in retaliation for opposing discrimination or otherwise protecting his rights as an employee; freezing-out of job

related duties; refusing to engage in the interactive process; denial of reasonable accommodations; unfair scrutiny of AIMONE' job performance; and termination. AIMONE was demeaned and/or had his requests for reasonable accommodations ignored by decision makers for the DEFENDANT.  AIMONE received negative treatment for having issued requests of failure to accommodate and complaints unlawful conduct in the work environment.  In response to AIMONEs requests and complaints, DEFENDANT created and fostered a work environment that as hostile towards AIMONE.  Defendant engaged in stigmatizing workplace comments and conduct by management and non-management employees, and engaged in ongoing excessive and disproportionate scrutiny of AIMONE's conduct or performance and freezing-out AIMONE from his job duties, and failure to return AIMONE to his job position; demotion, and ultimately termination.  Such ongoing excessive and disproportionate scrutiny and adverse employment actions suffered by AIMONE was not imposed on other employees and was based substantially on one or more protected class under which AIMONE falls.

52.    The harassment/hostile work environment, conduct, and/or comments of the Defendant, as described herein, was and is so severe and pervasive that the working conditions for AIMONE were altered into a hostile work environment.

53.    Repeatedly and persistently at all times relevant herein, AIMONE complained to management of the comments and conduct as described herein, but such conduct never ceased, nor was it properly investigated and prevented, and as such, DEFENDANT continued to create an increasingly hostile work environment.

54.     This action is not preempted by the California Workers' Compensation Act because discrimination based on veteran status, gender, age, physical disability/medical condition, as well as issuing requests for reasonable accommodations and complaints of unlawful conduct in the workplace are not a risks or conditions of employment.

55.     As a result of the aforesaid harassment/hostile work environment, AIMONE has been held up to great derision and embarrassment with his fellow workers, customers, friends, others in the industry or profession, members of the community and families, and has suffered emotional distress because the Defendant has demonstrated that they would not recognize nor accept AIMONE as an employee substantially because of one or more protected category under which he falls. AIMONE is informed and believes that the Defendant and their management acted deliberately for the purposes of injuring him as alleged above. Defendant, by and through their managing agents and employees, further acted intentionally because they knew and/or should have known that their conduct was likely to result in mental distress. AIMONE therefore seeks damages for such emotional distress to be proven at the time of trial.

56.     Because of the wrongful acts of Defendant as herein above alleged, AIMONE has been and/or will in the future be required to employ physicians and mental health care professionals to examine treat and care for him and will incur additional medical expenses in an amount to be proven at the time of trial.

57.     In doing the acts set forth above, defendant and its managing agents acted as

herein alleged with a conscious disregard of AIMONE's right to be free from harassment/hostile work environment because of his status as a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace.

58.    Defendant has acted in utter disregard of their obligation under the law. The managing agents of the Defendant have made conscious decisions to establish and to allow the existence of a hostile workplace.    In addition, Defendant, by and through its managing agents and employees, has retained, promoted and coddled employees and managers known by it to be vicious in that they are prejudiced against employees who fall under the protected category(ies) as does AIMONE. AIMONE is therefore entitled to an award of punitive damages in an amount to be proven at trial.

59.    In bringing this action, AIMONE has been required to retain the services of counsel. Pursuant to **California Government Code § 12965(b)**, he is entitled to and hereby requests an award of attorney fees and costs of suit.

<u>**THIRD CAUSE OF ACTION**</u>
Failure to Investigate and Prevent Discrimination, Retaliation, and Harassment/Hostile Work Environment in Violation of FEHA – Disability
(Cal. Gov. Code Section 12900 et seq.)
As to Defendant Employer

50.    AIMONE hereby incorporates by reference each and every fact stated in paragraphs 1 through 59 supra with the same force and effect as if fully pleaded at length herein.

51.    This is an action for damages arising from discrimination in employment. This action is brought pursuant to the California FAIR EMPLOYMENT AND

HOUSING ACT [FEHA], i.e., Cal.Gov.Code Sections 12900, 12921, 12926, 12940 and 12965.

52.     Under FEHA, it is an unlawful employment practice to fail to take all reasonable steps to prevent or investigate employment discrimination, retaliation, and harassment/hostile work environment on the basis of veteran status, medical condition or disability, gender, age, requests for accommodations, or complaints of a good-faith belief of unlawful conduct in the workplace.

53.     AIMONE is a member of a class protected by FEHA.  AIMONE is a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace.

54.     Beginning earlier on in his employment, and continuing up to the date of his eventual termination, AIMONE suffered, and continued to suffer, from discrimination at the hands of the Defendant because of his status as a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace.

55.     The discrimination, retaliation, and harassment/hostile work environment included those listed in this complaint, including the following acts: DEFENDANT and its managing agents discriminated against AIMONE in engaging in disparate treatment as to duties and benefits of the job; ongoing demeaning and degrading comments based on AIMONE's veteran status, gender, age, known medical condition and disability, requests for reasonable accommodations, and for having issued

complaints of unlawful conduct in the work environment.  AIMONE was demeaned or degraded for having requested reasonable accommodations and for having issued complaints of unlawful conduct in the work environment.  Defendant engaged in stigmatizing workplace comments and conduct by management and non-management employees, and engaged in ongoing excessive and disproportionate scrutiny of AIMONE's conduct or performance and freezing-out AIMONE from his job duties, and failed to return AIMONE to his job position.  Such ongoing excessive and disproportionate scrutiny suffered by AIMONE was not imposed on other employees and was based substantially on one or more protected class under which AIMONE falls.  Despite AIMONE having issued complaints and requests, Defendant failed to investigate and cure the discrimination, retaliation, and harassment/hostile work environment experienced by AIMONE.  When AIMONE objected to the practice, he was terminated in retaliation for his complaints and protected status.

56.    The discriminatory, retaliatory, and harassing/hostile acts described in the preceding paragraph and in this complaint are part of a deep-rooted policy and/or practice by the managing agents of Defendant to discriminate or retaliate against its employees based on one or more protected categories under which they fall.

57.    At all times herein relevant, AIMONE was qualified and able to satisfactorily perform the job for which he had been hired.

58.    As described above, AIMONE complained to the Defendant that he was being discriminated, retaliated against, and harassed/was facing hostile workplace because of his veteran status, gender, age, requests for accommodations, and/or

issuing complaints of a good-faith belief of unlawful conduct in the work environment.

59.     Notwithstanding this notice of discrimination, retaliation, harassment/hostile work environment in the work place, DEFENDANT took no steps to prevent such discrimination from occurring.  Specifically, DEFENDANT refused to investigate the complaints by AIMONE of discrimination, retaliation, or harassment/hostilities, or the unlawful workplace conduct about which he complained.  In fact, as alleged herein, Defendant demoted and terminated AIMONE in retaliation for his complaints and requests in lieu of taking steps to prevent further discrimination, retaliation, or harassment/hostilities or unlawful conduct from occurring in the workplace.  This failure to investigate constitutes a breach of DEFENDANT' obligation to prevent discrimination, retaliation, and harassment on the basis of one or more protected categories under which AINOME falls.

60.     This action is not preempted by the California Workers' Compensation Act because discrimination based on veteran status, gender, age, physical disability/medical condition, as well as issuing requests for reasonable accommodations and complaints of unlawful conduct in the workplace are not a risks or conditions of employment.

61.     The acts and/or omissions to act complained of herein were either approved, adopted, condoned or taken by one or more managing agents of Defendant who had the authority to make corporate policy and/or to direct a substantial portion of the Defendant's business.

62.     Because of the aforesaid breaches of duty by Defendant, AIMONE has

suffered, and continues to suffer losses of wages, salary, employment benefits, promotion and other employee compensation in an amount which is currently un-ascertained.  AIMONE will therefore request leave of the court to amend this complaint to state the amount of all such damages when it has been ascertained, or upon proof at the time of trial.

63.     DEFENDANT knew, or should have known, that failure to prevent discrimination, retaliation, or harassment/hostile work environment would be substantially certain to result in emotional distress by its protected employees. AIMONE did in fact suffer emotional distress proximately caused by the failure of Defendant's to prevent discrimination, retaliation, and harassment/hostilities in the work environment.  AIMONE seeks damages for such mental and emotional suffering as emotional distress damages in an amount to be proven at time of trial.

64.     In breaching its statutory duty to prevent discrimination, retaliation, and harassment, Defendant acted, or failed to act, as herein alleged with a conscious disregard of AIMONE's rights to be free from discrimination, harassment/hostile work environment, and retaliation. Defendant failed to act, as alleged above, with the reckless disregard of the likelihood that AIMONE would suffer harm from such conduct. Defendant has retained, promoted and coddled vicious employees and managers known by it to be prejudiced against members of the protected class with the conscious disregard of the substantial likelihood that such individuals would discriminate, harass, and retaliate against members of the protected class(es). These breaches by Defendant were so cold, callous, and reckless as to be malicious.  AIMONE is therefore entitled to

an award of punitive damages in an amount to be proven at trial.

65.    In bringing this action, AIMONE has been required to retain the services of counsel. Pursuant to **California Government Code § 12965(b)**, he is entitled to an award of attorney fees.

### FOURTH CAUSE OF ACTION

Failure to Engage in the Interactive Process and Provide Reasonable Accommodation in Violation of FEHA - Disability

(Cal. Gov. Code Section 12900 et seq.)

As to Defendant Employer

66.    AIMONE incorporates by reference all of the facts set forth in paragraphs 1 through 65 with the same force and effect as though fully pleaded at length herein.

67.    California Government Code Sections 12940(m)(n) (FEHA) makes it an unlawful employment practice for an employer to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations," and "fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

68.    AIMONE"s on-the-job injury is a disability as defined by Govt. Code Sections 12940 and 12926.  AIMONE is a member of a class protected by FEHA.  AIMONE is a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace.

69.    Thereafter, DEFENDANT wrongfully and unlawfully refused to engage AIMONE in "the interactive process" and make any "reasonable accommodation" for

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

AIMONE' known physical disability as that term is defined by Govt. Code Section 12926(m). Any "reasonable accommodation" that was afforded to AIMONE came at a cost to AIMONE – further discrimination, retaliation, and harassment/hostile work environment. None of the requested accommodations would have placed an undue burden or expense on the Defendant. However, DEFENDANT viewed the requested accommodation as having the likelihood of recording, documenting or creating a record of unlawful conduct in the workplace, and thus constituting potential proof of such.

70.     AIMONE complained to managerial officials about DEFENDANT's failure to engage in the interactive process and accommodate.

71.     DEFENDANT, through its agents and employees, refused to engage in an interactive process to discuss any reasonable accommodation with AIMONE, and thereby failed to act in good faith.

72.     At all times herein relevant, AIMONE was qualified and able to satisfactorily perform the job for which he had been hired, with or without reasonable accommodation.

73.     DEFENDANT' actions toward AIMONE, as alleged herein, constitute unlawful discrimination against AIMONE in the terms, conditions and privileges of his employment based on the DEFENDANT' failure to accommodate AIMONE' known physical disability in violation of Section 12900 et seq. of the California Government Code.

74.     As a result of the aforesaid acts of discrimination in violation of FEHA,

AIMONE has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount that is currently unascertained.  AIMONE will request leave of the court to amend this Complaint to state the amount of all such damages when it has been ascertained, or upon proof at the time of trial.

75.    As a proximate result of Defendant unlawful conduct in violation of FEHA set forth herein, AIMONE has suffered and continues to suffer emotional distress. AIMONE is informed and believes that the Defendant acted deliberately for the purpose of causing him to suffer emotional distress.  Defendant by and through their agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in damages due to mental distress.  AIMONE therefore seeks damages for such emotional distress in an amount to be proven at trial.

76.    Because of the wrongful acts of Defendant, as herein above alleged, AIMONE has been and will in the future be required to employ physicians and mental health professionals to examine, treat and care for him and will incur additional medical expenses in an amount to be proven at the time of trial.

77.    In doing the acts set forth above, Defendant acted as herein alleged, with a conscious disregard of AIMONE's right to be free from unlawful employment practices in violation of FEHA, including the failure to accommodate a known physical disability. Defendant acted, as alleged, with the malicious intention of depriving AIMONE of employment opportunities and benefits that must be accorded to all employees notwithstanding their disability status or status as an employee who issued good-faith

based complaints of unlawful conduct in the workplace.  Defendant has retained employees and managers known by it to be prejudiced against disabled employees and those who request reasonable accommodations and/or issue good-faith based complaints of unlawful conduct in the workplace, failed to accommodate disabled employees, and to have retaliated against such employees.  This conduct by Defendant was, and is, despicable, cruel and oppressive.  AIMONE is therefore entitled to an award of punitive damages in an amount to be proven at trial.

78.     In bringing this action, AIMONE has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), he is entitled to an award of attorney fees.

## FIFTH CAUSE OF ACTION

**Retaliation in Violation of FEHA and Cal Labor Code – Disability and Whistle Blowing**

**(Cal Gov. Code Section 12900 et seq. and Cal. Labor Code Section 1102.5)**

**As to Defendant Employer**

79.     AIMONE hereby incorporates by reference each and every allegation stated in paragraphs 1 to 78 supra with the same force and effect as if fully pleaded at length herein.

80.     This is an action for damages arising from retaliation against the AIMONE for having opposed unlawful employment practices based on his status as veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace.  This action is brought pursuant to the California FAIR EMPLOYMENT AND HOUSING

ACT [FEHA], i.e., Cal.Gov.Code Sections 12900, 12921, 12926, 12940 and 12965.  This cause of action for retaliation is pursuant to Cal. Gov. Code Section 12940(h).

81.    AIMONE is a member of a class protected by FEHA.  He opposed employment practices forbidden under FEHA, i.e., discrimination and retaliation based on his veteran status, gender, age, physical disability/medical condition, as well as issuing requests for reasonable accommodations and complaints of unlawful conduct in the workplace, or that which he believed in good faith to have been so forbidden.

82.    Because of having opposed employment practices based on his protected status, AIMONE has suffered the following adverse employment actions: termination; demotion; freezing-out; denial of promotion; denial of reinstatement; denial of salary, compensation, and employment benefits; denial of requested accommodations; unfair scrutiny of his work performance; disparate treatment; change in work schedule; denial on benefits; and denial of employment.

83.    The above adverse employment actions toward AIMONE were either taken, condoned and/or ratified by the managing agents of DEFENDANT.

84.    AIMONE complained to his superiors to cease and desist the retaliation described above.  The complaints of AIMONE were ignored and/or summarily rejected, or resulted in further discrimination, retaliation, or harassment despite the fact that the Defendant was aware of said unjustified treatment.  The retaliation was allowed to stand despite AIMONE's complaints and requests.  For these reasons, AIMONE was required to submit an administrative complaint to the Department of Fair Employment and Housing and to file this action.

85.     At all times herein relevant, AIMONE was qualified and able to satisfactorily perform the job for which he had been hired.

86.     The acts complained of herein were either approved, condoned or taken by one or more managing agents of Defendant, each of whom had the authority to make corporate policy and/or to direct a substantial portion of its business.

87.     Because of the aforesaid acts of Defendant, AIMONE has suffered, and will continue to suffer, loss of wages, salary, benefits, promotion and other employee compensation in an amount which is currently un-ascertained.  AIMONE will therefore request leave of the court to amend this complaint to state the amount of all such damages when it has been ascertained, or upon proof at the time of trial.

88.     As a proximate result of Defendant unlawful conduct in violation of FEHA set forth herein, AIMONE has suffered and continues to suffer emotional distress. AIMONE is informed and believes that the Defendant acted deliberately for the purpose of causing him to suffer emotional distress.  Defendant by and through their agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in damages due to mental distress.  AIMONE therefore seeks damages for such emotional distress in an amount to be proven at trial.

89.     Because of the wrongful acts of Defendant, as herein above alleged, AIMONE has been and will in the future be required to employ physicians and mental health professionals to examine, treat and care for him and will incur additional medical expenses in an amount to be proven at the time of trial.

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

90.     In doing the acts set forth above, Defendant acted as herein alleged, with a conscious disregard of AIMONE's right to be free from unlawful employment practices in violation of FEHA, including the failure to accommodate a known physical disability. Defendant acted, as alleged, with the malicious intention of depriving AIMONE of employment opportunities and benefits that must be accorded to all employees notwithstanding their disability status or other protected category under which they fall.  Defendant has retained employees and managers known by it to be prejudiced against disabled employees and those who request reasonable accommodations, failed to accommodate disabled employees, and to have retaliated against disabled employees and/or employees who issue good-faith based complaints of unlawful conduct in the workplace.  This conduct by Defendant was, and is, despicable, cruel and oppressive. AIMONE is therefore entitled to an award of punitive damages in an amount to be proven at trial.

91.     In bringing this action, AIMONE has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), he is entitled to an award of attorney fees.

## SIXTH CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy – Disability and Whistle Blowing**
**(Common Law, *Tameny v. Atlantic Richfield Co*., 27 Cal. 3d 167 (1980))**
**As to Defendant Employer**

92.     AIMONE hereby incorporates by reference each and every fact stated in paragraphs 1 through 91 supra with the same force and effect as if fully pleaded at length herein.

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

93.     This is a common law cause of action pursuant to the law of the State of California.  Jurisdiction is invoked pursuant to *Tameny v. Atlantic Richfield Company*, 27 Cal. 3d 167 (1980).

94.     There is a fundamental public policy in this state and in this country in favor of preventing discrimination and retaliation in employment.  Said public policy is embodied, *inter alia*, in the following statutes: Cal. Gov Code Section 12900, et seq and the California Constitution Art 1, Sect 9.  Specifically, it is the policy of the State of California that being free of discrimination because of a known medical condition, disability, veteran status, gender, age, requesting reasonable accommodations, and for having issued complaints of unlawful activity is a civil right. Cal. Labor Code Section 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, to inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

95.     AIMONE is a member of a class protected by FEHA.  AIMONE 's status as a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the

workplace places him within one or more classes protected by the public policy of the State of California.

96.     At all times herein relevant, AIMONE was qualified and able to satisfactorily perform the job for which he had been hired.

97.     This action is not preempted by the California Workers' Compensation Act because discrimination based on veteran status, gender, age, physical disability/medical condition, as well as issuing requests for reasonable accommodations and complaints of unlawful conduct in the workplace are not a risks or conditions of employment.

98.     Because of Defendant's unlawful acts of having discriminated, retaliated, harassed/created a hostile work environment, and wrongful discharged AIMONE, AIMONE suffered, and will continue to suffer, a loss of wages/salary, benefits, and other forms of compensation in an amount which is currently unascertained.  As a result of Defendant's discriminatory acts, AIMONE faces substantial diminution of future earning capacities in an amount which is currently unascertained.  AIMONE therefore requests leave of the Court to amend this Complaint to state the amount of all such damages when it has been ascertained, or upon proof at the time of trial.

99.     Because of Defendant's unlawful acts, AIMONE has been, and will in the future be, required to employ physicians and therapists to examine, treat, and care for him, and will incur additional medical expenses in an amount to be proven at the time of trial.

100.    Because of Defendant's unlawful acts, AIMONE has been held up to great

derision and embarrassment with fellow workers, friends, others in the industry or profession, customers, members of the community, and family, and has suffered emotional distress because Defendant has demonstrated to him that they will neither recognize nor accept him as an employee solely because of one or more protected category under which he is covered.  AIMONE is informed and believes that Defendant and their management acted deliberately for the purposes of injuring him and wrongfully discharging him.  Defendant, by and through their managing agents and employees, further acted intentionally and unreasonably because they knew or should have known that their conduct was likely to result in mental distress.  AIMONE therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

101.    In doing the acts set forth above, Defendant acted intentionally and with a conscious disregard of AIMONE' rights to equal employment opportunities and to be free from discrimination, retaliation, harassment/hostile work environment, and wrongful discharge on account of his protected status.  Defendant's managing agents have acted, and continue to act, in utter disregard of their obligations under the law.  Defendant's managing agents have made conscious decisions to discriminate and retaliate against said employees, as well as employees who request reasonable accommodations and/or issue good faith-based complaints of unlawful conduct in the workplace, by treating them adversely in the manner described above.  This conduct by Defendant was, and is, despicable, cruel, and oppressive.  AIMONE is therefore entitled to an award of punitive damages in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**Violation of Cal. Labor Code Section 1102.5 – Whistle Blowing**
**As to Defendant Employer**

102.     AIMONE hereby incorporates by reference each and every allegation stated in paragraphs 1 to 101 supra with the same force and effect as if fully pleaded at length herein.

103.     Cal. Labor Code Section 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, to inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

104.     During and throughout the time in which AIMONE was employed with the Defendant, AIMONE made oral and/or written complaints regarding unlawful conduct in the work environment, to DEFENDANT, her employers, by and through their agents and employees.  AIMONE informed decision makers for the DEFENDANT of violations of the CAN-SPAM Act of 2003 (15 U.S.C. ch. 103) or other State or Federal law.  AIMONE is informed and believes, and on that basis alleged, Defendant had a

duty to report, investigate, and cure such complaints implicating violations of law or professional procedure and protocol, and/or regulations.  AIMONE's complaints should have been investigated and/or reported to appropriate entities or parties to cure any defects or violations or ensure proper compliance.

105.    Beginning earlier on in her employment, and continuing up to the date of his eventual termination, AIMONE suffered, and continued to suffer, from discrimination at the hands of the DEFENDANT because he requested reasonable accommodations and issued good-faith complaints of what he believed was unlawful conduct in the work environment.

106.    Defendant terminated AIMONE's employment, and further discriminated, retaliation, and harassed/created a hostile work environment for AIMONE.  Such conduct included those listed in this complaint, including the following acts: Defendant and its managing agents discriminated against AIMONE in engaging in disparate treatment as to duties and benefits of the job; demotion; freezing-out; denial or revocation of requested reasonable accommodations; requests to be returned to work; ongoing excessive and disproportionate scrutiny of AIMONE's conduct or performance, whether related to his job duties/performance or not; ongoing excessive and disproportionate scrutiny of AIMONE' conduct, which such scrutiny was not imposed on other employees and was based substantially on one or more protected category under which AIMONE falls; continuing and pervasive humiliation by the Defendant or their agents or employees; disrespect towards AIMONE  based on one or more protected category under which he falls; and termination.  Defendant failed to

investigate and cure the discrimination, retaliation, and harassment/hostile work environment experienced by AIMONE.  AIMONE complained that the DEFENANT was counseling, complicit with, or engaging/helping to engage others in conduct that would likely constitute violations of the CAN-SPAM Act, and advised against it. When AIMONE objected to the practice, he was demoted and terminated in retaliation for his complaints and based upon his protected status.

107.    AIMONE is informed and believes, and thereon alleges that because of making complaints of unlawful conduct in the workplace to Defendant, his employers, and those who had authority to investigate, report, and/or cure the defect discriminated, retaliated, and harassed/created a hostile work environment towards AIMONE. AIMONE was discharged from his employment and/or otherwise discriminated and/or retaliated against by Defendant.

108.    As a direct and proximate result of the actions of the Defendant, AIMONE has suffered and will continue to suffer pain and mental anguish and emotional distress.

109.    AIMONE has further suffered and will continue to suffer a loss of earnings from other employment benefits, whereby she is entitled to general compensatory damages in amounts to be proven at trial.

110.    Defendant's actions constituted a willful violation of the above-mentioned state laws.  As a direct result, AIMONE has suffered, and continues to suffer, substantial losses related to the loss of wages and employment benefits, and is therefore entitled to recover costs and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law and her respective damage amounts according

to proof at them of trial.

111.    The conduct of the DEFENDANT described herein above was outrageous and was executed with malice, fraud, and oppression, and with a conscious disregard for AIMONE's rights, and further, with the intent, design, and purpose of injuring him.

112.    Defendant committed the acts alleged herein by acting knowingly, willfully, and with the wrongful and illegal deliberate intention of injuring AIMONE, from improper motives amounting to malice, and in conscious disregard of AIMONE's rights. AIMONE is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, in addition to any other remedies and damages allowable by law.

113.    As a proximate result of the actions and conduct describes in the paragraphs above, which constitute violations of Cal. Labor Code Section 1102.5, AIMONE has suffered economic and non-economic damages in an amount according to proof at the time of trial, and seeks civil penalties and attorney fees against the Defendant pursuant to Cal. Labor Code Sections 2699 and 2699.3 and/or Cal. Gov Code Section 12965(b).

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### As to Defendant Employer

114.    AIMONE hereby incorporates by reference each and every allegation stated in paragraphs 1 to 113 supra with the same force and effect as if fully pleaded at length herein.

115.    The jurisdiction of this court is invoked pursuant to the holdings of the following cases: *Rojo v. Kliger* (1990) 52 Cal. 3d 65 and *Phillips v. Gemini Moving*

*Specialists* (1998) 63 Cal.App.4th 563.

116.    This action is not preempted by the California Workers' Compensation Act because discrimination based on veteran status, gender, age, physical disability/medical condition, as well as issuing requests for reasonable accommodations and complaints of unlawful conduct in the workplace are not a risks or conditions of employment.

117.    The acts of Defendant, by and through its managing agents and employees, were extreme and outrageous. This includes those listed in this complaint, but not limited to: Defendant and its managing agents discriminated, retaliated against, and harassed AIMONE in demotion/promotion; termination; punishment in retaliation for opposing discrimination or otherwise protecting his rights as a veteran and disabled employee over the age of forty (40) who requested reasonable accommodation, , and was punished for such, as well as for having issued complaints of unlawful conduct in the work environment.  When AIMONE objected to the practice, he was demoted and terminated in retaliation for his complaints and based upon one or more protected status.

118.    Such extreme and outrageous acts did in fact cause AIMONE emotional distress.

119.    As a proximate result of such extreme and outrageous acts, AIMONE has suffered emotional distress, humiliation and embarrassment. AIMONE is informed and believes that the Defendant acted deliberately for the purpose of causing him to suffer emotional distress.  Defendant by and through its agents and employees, and

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

Defendant further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in damages due to mental distress. AIMONE therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

120.    In doing the acts set forth above, Defendant acted intentionally and/or with a conscious disregard to AIMONE's right as an employee and a human being.  Defendant acted with a conscious disregard to AIMONE's employment rights as a veteran with a disability who is over the age of forty (40) who requested reasonable accommodations and issued good-faith based complaints of unlawful activity in the workplace. Defendant acted and refused to act, as alleged, with the malicious intention or with the knowledge that its acts or failure to act would cause the AIMONE emotional distress. Defendant have retained and promoted vicious employees and manager.  This conduct was despicable, cruel and oppressive.  AIMONE is therefore entitled to an award of punitive damages in an amount to be proven at trial.

* * *

## **DEMAND FOR JURY TRIAL**

AIMONE hereby demands trial of this matter by jury.

## **PRAYER FOR RELIEF**

Wherefore, AIMONE prays for judgment as follows:

1.    For compensatory damages according to proof;

2.    For monetary damages to compensate for the emotional distress suffered by AIMONE;

3.    For punitive damages in an amount appropriate to punish DEFENDANT

AIMONE v. INVESTORFLOW
COMPLAINT FOR DAMAGES

for their wrongful and malicious conduct and to set an example for others;

4.      For pre and post judgment interest on the sum of damages awarded;

5.      For reasonable attorneys' fees pursuant to applicable law, including but not limited to Cal.Govt. Code section 12965(b) and Cal. Labor Code;

6.      For costs of suit herein incurred; and

7.      For such other and further relief as the Court deems proper.

Dates:  January 10, 2023          By: _____ /s/Angela M. Alioto

ANGELA M. ALIOTO
ANGELA MIA VERONESE
ROBERT J.A. FORDIANI

Attorneys for Plaintiff

\* \* \*